UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD,<br>1156 15th Street NW, Suite 1020<br>Washington, DC 20010,<br><br>　　　　PLAINTIFF<br>　vs.<br><br>J. THOMAS MANGER,<br>Chief, United States Capitol Police,<br>119 D St., N.E.<br>Washington, DC 20510,<br><br>　　　　DEFENDANT | Civil Action No. 1:25-cv-01026 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. This is an action for declaratory and injunctive relief against J. Thomas Manger, in his official capacity as the Chief of the United States Capitol Police (hereinafter "USCP" or "Capitol Police"), to enforce the common law right of access to public records maintained by the Capitol Police that memorialize its official policies.

2. "[T]he common law bestows upon the public a right of access to public records," *Washington Legal Found. v. U.S. Sent'g Comm'n* (*Washington Legal Foundation II*), 89 F.3d 897, 902 (D.C. Cir. 1996) (internal quotations omitted), including records of the Capitol Police in particular, *see Leopold v. Manger* (*Leopold II*), 102 F.4th 491, 499 (D.C. Cir. 2024).

1

3. That right protects "the public's interest in keeping 'a watchful eye on the workings of public agencies,'" an interest which is "'fundamental to a democratic state.'" *Washington Legal Foundation II*, 89 F.3d at 905 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) and *United States v. Mitchell*, 551 F.2d 1252, 1258 (D.C. Cir. 1976)).

4. To vindicate the public's interest in overseeing the Capitol Police, Plaintiff seeks to compel Defendant to comply with his obligation under the common law to provide public access to certain USCP directives that were in effect on January 6, 2021.

5. These directives are public records subject to the common law right of access, *see Leopold II*, 102 F.4th at 500, and Defendant has a nondiscretionary duty to make those records available to the public unless this Court determines that "specific interests favoring secrecy outweigh the general and specific interests favoring disclosure," *Washington Legal Found. v. U.S. Sent'g Comm'n* (*Washington Legal Foundation I*), 17 F.3d 1446, 1451 (D.C. Cir. 1994) (internal quotation omitted), after a close review of "the contents of the particular documents at issue," *id.* at 1452.

6. Defendant cannot make such a showing here.

7. Plaintiff accordingly seeks declaratory and equitable relief ordering Defendant to release the directives or the segregable portions thereof for which this Court finds that no legitimate secrecy interest outweighs the public interest in access.

## PARTIES

8.     Plaintiff Jason Leopold is an investigative reporter.  Mr. Leopold seeks records relevant to his newsgathering and public reporting.  He has previously reported on the Capitol Police and its official duties.  *See, e.g.*, Jason Leopold, *The Capitol Police Granted Permits For Jan. 6 Protests Despite Signs That Organizers Weren't Who They Said They Were*, BuzzFeed News (Sept. 9, 2021), https://perma.cc/C3HR-69BK.

9.     Defendant Thomas Manger is the Chief of the Capital Police.  As Chief, Defendant Manger is the agency's chief executive officer and serves as a non-voting member of the Capitol Police Board, which oversees USCP.  *See* 2 U.S.C. § 1901(a).

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this civil action arises under the laws of the United States.  *See Leopold II*, 102 F.4th at 494 (jurisdiction available under § 1331 for complaint seeking mandatory injunction against USCP).  In the alternative, this Court has jurisdiction under 28 U.S.C. § 1361 to the extent this action seeks relief in the nature of mandamus.

11.     Venue is proper in the District of Columbia under 28 U.S.C. § 1391(b)(2) because Defendant Manger performs his official duties in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTS

*The U.S. Capitol Police and Plaintiff's Prior Suit Seeking Public Records*

12.  The United States Capitol Police is a law enforcement agency, established by 2 U.S.C. § 1901 *et seq.* Its principal duty is to "police the United States Capitol Buildings and Grounds under the direction of the Capitol Police Board," *id.* § 1961(a), and Congress has required the Board to "document its functions and processes," including its "policies, directives, and operating procedures," *id.* § 1901a(d)(1).

13.  On January 6, 2021, a mob attacked and breached the United States Capitol, disrupting a joint session of the United States Congress that was in the process of certifying the results of the 2020 presidential election.

14.  Although the Capitol Police faced intense public scrutiny following the January 6 insurrection, the agency's operations largely remained shrouded in secrecy.

15.  On January 28, 2021, Plaintiff sent identical letters to the USCP's Public Information Office (PIO) and the Office of the Inspector General (OIG), requesting access to—among other records—USCP written directives in effect on January 6, 2021.

16.  On February 11, 2021, Plaintiff received an email from James Joyce, counsel for the Capitol Police, stating that the directives were not public records.

17.  On February 23, 2021, Plaintiff filed a petition for a writ of mandamus in this District against the Chief of Capitol Police and the Inspector General of the United

4

States Capitol Police, seeking to compel them to comply with their respective obligations under the common law right of access.

18. In that proceeding, *Leopold v. Manger* (*Leopold I*), 630 F. Supp. 3d 71 (D.D.C. 2022) (No. 21-cv-00465), USCP identified a total of 178 directives responsive to Plaintiff's request.

19. USCP represented that 65 of the 178 directives contained "security information" that could not be released to the public for purposes of 2 U.S.C. § 1979.

20. 2 U.S.C. § 1979 provides, in relevant part:

> Notwithstanding any other provision of law, any security information in the possession of the Capitol Police may be released by the Capitol Police to another entity, including an individual, only if the Capitol Police Board determines in consultation with other appropriate law enforcement officials, experts in security preparedness, and appropriate committees of Congress, that the release of the security information will not compromise the security and safety of the Capitol buildings and grounds or any individual whose protection and safety is under the jurisdiction of the Capitol Police.

*Id.* § 1979(b).

21. 2 U.S.C. § 1979 further defines "security information" as information that:

> (1) is sensitive with respect to the policing, protection, physical security, intelligence, counterterrorism actions, or emergency preparedness and response relating to Congress, any statutory protectee of the Capitol Police, and the Capitol buildings and grounds; and
>
> (2) is obtained by, on behalf of, or concerning the Capitol Police Board, the Capitol Police, or any incident command relating to emergency response.

5

*Id.* § 1979(a).

22.     In response to the Capitol Police's representations about the contents of the 178 directives that were in effect on January 6, Plaintiff agreed to narrow the scope of his request to 36 directives that USCP averred did not contain any "security information" and the 65 directives USCP argued did contain "security information."

23.     A list of these 101 directives compiled by USCP in that proceeding, including titles that describe their subject matter, is attached hereto as Exhibit A.

24.     Several directives that the Capitol Police argued contain "security information" have nevertheless been released to the public previously without redaction, contradicting its representations as to the contents of these directives.

25.     For example, USCP represented that it had released Directive 1000.002 ("Retrieval of Archived Video") in prior litigation—despite marking the directive as "security information"—and produced a copy to Plaintiff, attached hereto as Exhibit B.

26.     Directive 1000.002 does not contain information that "is sensitive with respect to the policing, protection, physical security, intelligence, counterterrorism actions, or emergency preparedness and response relating to Congress, any statutory protectee of the Capitol Police, and the Capitol buildings and grounds." 2 U.S.C. § 1979(a)(1).

27.     USCP likewise released a version of Directive 1053.002 ("Vehicular Pursuits"), attached hereto as Exhibit C, in prior litigation.

28. Directive 1053.002 does not contain information that "is sensitive with respect to the policing, protection, physical security, intelligence, counterterrorism actions, or emergency preparedness and response relating to Congress, any statutory protectee of the Capitol Police, and the Capitol buildings and grounds." 2 U.S.C. § 1979(a)(1).

29. In *Leopold I*, the Capitol Police opposed the public release of any of the directives on the grounds that 2 U.S.C. § 1979 displaced the common law right of access with respect to the 65 directives that it argued contain "security information" and that none of the 101 directives were "public records" for purposes of the common law right. 630 F. Supp. 3d at 76.

30. All of the directives, the Capitol Police represented, were "law enforcement sensitive" regardless of whether they contained "security information."

31. The District Court dismissed Plaintiff's complaint for lack of subject matter jurisdiction, concluding first that 2 U.S.C. § 1979 displaced the common law right with respect to the 65 directives that USCP argued contained "security information." *See Leopold I*, 630 F. Supp. 3d at 81–83.

32. As to the 36 directives that did not contain any "security information," the District Court concluded that the directives were not "public records" under *Washington Legal Foundation I* and that, in the alternative, the government's interest in secrecy outweighed the public interest in disclosure. *Id.* at 83–85.

7

33. The U.S. Court of Appeals for the D.C. Circuit affirmed the dismissal for lack of jurisdiction but on different grounds. *See Leopold II*, 102 F.4th at 500–03.

34. As to the 36 directives not containing any "security information," the D.C. Circuit concluded that those documents were "public records," but declined to reach the question whether they should be disclosed on the grounds that Plaintiff "failed to brief . . . whether the duty to provide access to public records is discretionary or ministerial" for purposes of awarding relief in the form of mandamus. *Id.* at 500–01.

35. As to the 65 directives containing "security information," the Circuit similarly concluded that whether the duty to segregate and disclose information *not* made confidential by 2 U.S.C. § 1979 is nondiscretionary was "unbriefed." *Id.* at 501.

36. In doing so, the Circuit emphasized that Plaintiff was "free to refile his complaint with the requisite allegations to satisfy the mandamus standard." *Id.* at 503.

*This Action and USCP's Duty to Disclose Public Records*

37. This action followed. Plaintiff now limits the scope of his request to the 36 directives not containing "security information" and the reasonably segregable portions of the 65 directives containing "security information" maintained by the Capitol Police.

38. The Capitol Police's duty to disclose the 36 directives not containing "security information" is nondiscretionary. "Should the common-law right of access apply to the requested records, then [USCP's] exercise of discretion . . . whether to release those records to plaintiff would be cabined accordingly by the legal duty or

obligation to fulfill plaintiff's request." *Jud. Watch, Inc. v. Schiff*, 474 F. Supp. 3d 305, 312–13 (D.D.C. 2020), *aff'd in part and remanded in part*, 998 F.3d 989 (D.C. Cir. 2021).

39. In that analysis, whether "specific interests favoring secrecy outweigh the general and specific interests favoring disclosure," *Washington Legal Foundation I*, 17 F.3d at 1451, is a judgment to be made by "the court," *id.*—after which the agency has no discretion in deciding whether or not to comply with this Court's ultimate order.[1]

40. The Capitol Police has not demonstrated—and cannot demonstrate—that specific interests favoring secrecy outweigh the interests favoring disclosure in this case with respect to the entirety of the 36 directives not containing "security information."

41. The public has a powerful interest "in disclosure of matters of substantive law enforcement policy," *Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Just.*, 746 F.3d 1082, 1095 (D.C. Cir. 2014), and the directives at issue in Plaintiff's request document "substantive law enforcement policies," *Leopold II*, 102 F.4th at 500.

42. In addition, there is a "substantial public interest" in "facilitating a full airing of the events" that led to the events of January 6, 2021, *Trump v. Thompson*, 20 F.4th 10, 48 (D.C. Cir. 2021) (quoting *Nixon v. Admin. of Gen. Servs.*, 433 U.S. 425, 453

---

[1] *Accord, e.g., Clement v. Graham*, 63 A. 146, 154 (Vt. 1906) (duty to provide public access to records "is ministerial in its nature"); *New Jersey* ex rel. *Ferry v. Williams*, 41 N.J.L. 332, 339 (N.J. Sup. Ct. 1879); *Tennessee* ex rel. *Wellford v. Williams*, 75 S.W. 948, 959 (Tenn. 1903); *Nowack v. Fuller*, 219 N.W. 749, 751–52 (Mich. 1928); *Daluz v. Hawksley*, 351 A.2d 820, 823 (R.I. 1976).

(1977)), as well as a closely related public interest in "understanding what intelligence failures led the government to be underprepared for such a violent attack," *id.* at 36.

43. No specific interests favoring secrecy outweigh the public interests favoring disclosure with respect to the entirety of those 36 directives. Neither the blanket claim that information is 'law enforcement sensitive' nor that such information "would be exempt from disclosure under the Freedom of Information Act," without more, exempts a record from the common law right. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1184–85 (9th Cir. 2006) (so holding as to judicial records).

44. The Capitol Police's duty to disclose the reasonably segregable portions of the 65 directives that contain some "security information" is likewise nondiscretionary.

45. The common law duty to disclose public records includes "a duty to 'mak[e] public appropriately redacted documents'" where no justification for secrecy applies. *In re United States for 2703(d) Order*, 548 F. Supp. 3d 31, 33 (D.D.C. 2021) (quoting *Matter of Leopold*, No. 13-mc-712, 2020 WL 7481037, at *4 (D.D.C. Dec. 17, 2020)); *see also, e.g.*, *Wisconsin* ex rel. *Youmans v. Owens*, 137 N.W.2d 470, 475 (Wis. 1965) ("If a single record or document is sought to be inspected, and disclosure of only a portion is found to be prejudicial to the public interest, the trial judge has the power to direct such portion to be taped over before granting inspection.").

46. 2 U.S.C. § 1979(b) may require that "security information" be withheld unless the Capitol Police Board authorizes its release, but the statute does not grant

10

Defendant any discretion to define "security information," *see* 2 U.S.C. § 1979(a) (defining the term), or to withhold information other than "security information."

47.     The duty to provide public access to information that Congress has not defined as "security information" is therefore nondiscretionary. *See 13th Reg'l Corp. v. Dep't of Interior*, 654 F.2d 758, 762 (D.C. Cir. 1980) (agency has "no authority, no discretion" to define statutory term differently than Congress has expressly done so); *see also, e.g., Fla. Soc. of Newspaper Eds., Inc. v. Fla. Pub. Serv. Comm'n*, 543 So. 2d 1262, 1264 (Fla. Dist. Ct. App. 1989) ("In most cases, a determination of exemption from the [Florida] Public Records Act does not involve an exercise of discretion, but merely a comparison of the document in question with the pertinent exemption provision.").

48.     In withholding the 35 directives that do not contain any "security information" without a showing that specific interests favoring secrecy outweigh the public interest in disclosure, and in withholding the other 65 directives in full without segregating information that Congress has not authorized Defendant to withhold, Defendant continues to violate the public's common law right of access to those records.

49.     In light of Defendant's nondiscretionary duties under the common law right of access, Plaintiff has a clear and indisputable right to an order compelling Defendant to make public those records, or the segregable portions thereof, for which this Court finds that no secrecy interest outweighs the public's interest in access.

## COUNT I:

## COMMON LAW RIGHT OF ACCESS
## (INJUNCTIVE RELIEF/RELIEF IN THE FORM OF MANDAMUS)

50. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of the Complaint.

51. The common-law right of access to public records attaches to the 101 directives of the Capitol Police that Plaintiff requested. *See Leopold II*, 102 F.4th at 499.

52. Plaintiff intends to review those directives and use them in his role as a news reporter, but is unable to do so in light of Defendant's unlawful withholding.

53. Defendant has a nondiscretionary duty under the common law to release those records absent a determination by this Court that the "specific interests favoring secrecy outweigh the general and specific interests favoring disclosure." *Washington Legal Foundation I*, 17 F.3d at 1451; *see Jud. Watch*, 474 F. Supp. at 312–13.

54. Where specific interests favoring secrecy outweigh the public interests favoring disclosure only with respect to a portion of any particular record, or where only a portion of a record is exempt from the common law right of access because it consists of 'security information,' Defendant has a nondiscretionary "duty to 'mak[e] public appropriately redacted documents.'" *In re United States for 2703(d) Order*, 548 F. Supp. 3d at 33 (quoting *Matter of Leopold*, 2020 WL 7481037, at *4 (alteration original)).

55. Defendant cannot demonstrate that specific interests favoring secrecy outweigh the interests favoring disclosure with respect to the entirety of the 101

directives, or that the 65 directives that USCP argues contain some "security information" consist entirely of "security information" as defined by 2 U.S.C. § 1979.

56. In light of Defendant's nondiscretionary duties, Plaintiff has a clear and indisputable right to an order compelling Defendant to make those records public.

57. Plaintiff is irreparably harmed by the withholding of those records.

58. Plaintiff has no adequate remedy at law.[2]

59. An order compelling Defendant to comply with the common law right of access to those records is appropriate under the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare that Plaintiff is entitled to the disclosure of the requested records;

---

[2] A 2021 report of the House Committee on Appropriations advised the Capitol Police to "develop a policy and procedure for the sharing of information that follows the spirit of the Freedom of Information Act." H.R. Rep. No. 117-80, at 26 (2021). As a matter of discretion, the Capitol Police began accepting requests under such a policy in February 1, 2024 during the pendency of Plaintiff's prior suit. *See* U.S. Capitol Police, Public Availability of Records: Requests for Information (Jan. 11, 2024), https://perma.cc/8S82-HVLR. Because such committee reports lack the force of law, *see Associated Elec. Co-op., Inc. v. Morton*, 507 F.2d 1167, 1174 (D.C. Cir. 1974), the Capitol Police's voluntary policy has no effect on the reach of the common law right of access to public records. And because the agency's policy contains limits on disclosure identical to USCP's grounds for resisting disclosure under the common law in Plaintiff's prior suit, *see, e.g.*, Public Availability of Records, *supra*, at 3 ("Documents containing Security Information will not be redacted for the purposes of release or disclosure."), exhaustion of that discretionary process—even if exhaustion could ordinarily be required before asserting the common law right of access, which is doubtful—would be futile here.

13

(2) Enjoin Defendant to disclose the requested U.S. Capitol Police directives that were in effect on January 6, 2021, including any segregable portions thereof that do not consist of "security information" as defined by 2 U.S.C. § 1979;

(3) Grant such other and further relief as the Court may deem just and proper.

Dated: April 7, 2025                                                       Respectfully Submitted,

/s/ Grayson Clary
Grayson Clary
D.C. Bar No. 1735810
Allyson Veile
D.C. Bar No. 1766038
REPORTERS COMMITTEE FOR
 FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9303
Facsimile: 202.795.9310

*Counsel for Plaintiff Jason Leopold*